# SUPERIOR BOX COMPANY v. JAKIMAKI & JOHNSON AND OTHERS.

## PARKER-KELLOGG LUMBER COMPANY, APPELLANT.[1]

June 4, 1920.

No. 21,824.

**· Sale of lumber in piles — intention as to passing of title.**

1. In an action involving the ownership of certain boxwood lumber, sold by the owners to plaintiff as it was in piles where manufactured, to which defendant also claims ownership under a subsequent sale, it is *held* that the evidence supports the verdict to the effect that by the sale to plaintiff the parties intended the title and possession of the lumber should pass at the time of the transaction, thus vesting in plaintiff clear title as against the subsequent purchaser.

**Retention of possession cannot be first raised on appeal.**

2. The question whether the original owners, after the sale to plaintiff, were permitted to retain the possession and control of the lumber, thus rendering applicable section 25 of the Uniform Sales Act, was not litigated on the trial, nor then urged upon the attention of the court, and cannot therefore be raised on appeal.

**Instructions not prejudicial.**

3. The instructions of the trial court *held* not prejudicial in the respect complained of by defendant.

Action in claim and delivery in the district court for Carlton county to recover possession of a quantity of lumber or $1,000 in case a return cannot be had. The defendant interposed a counterclaim for $82.40. The case was tried before Cant, J., who at the close of the testimony denied defendant's motion to dismiss the action and its motion for a directed verdict, and a jury which returned a verdict for $775.43. From an order denying its motion for judgment nothwithstanding the verdict or for a new trial, Parker-Kellogg Lumber Company appealed. Affirmed.

*Clayton J. Dodge* and *Hugh J. McClearn,* for appellant.

*H. S. Lord,* for respondent.

. BROWN, C. J.

Action in claim and delivery for the possession of certain boxwood

[1]Reported in 177 N. W. 1021.

lumber, in which plaintiff had a verdict and defendant Parker-Kellogg Lumber Company appealed from an order denying a new trial.

It appears that the lumber in question, consisting of some 3,500 feet, was cut and manufactured by Jakimaki & Johnson, a copartnership operating a portable sawmill near Automba, in Carlton county. It was piled in stacks at the scene of operations and was the only lumber owned by them in that locality. The lumber was sold by the firm, or by Johnson a member thereof, to the plaintiff in this action on some date in July, 1917, at an agreed price per thousand feet, of which $300 was paid at the time, the balance being payable when the lumber was scaled at Superior, Wisconsin, to which point it was to be shipped, being plaintiff's place of business. Subsequently, and in February, 1918, before the lumber had been shipped out, Jakimaki & Johnson undertook to cancel and rescind the sale to plaintiff, and to that end returned the down payment of $300, with interest, and thereupon immediately sold or attempted to sell the lumber to the firm of Maki & Jakimaki, who in turn sold the same to defendant at a considerable advance over the price plaintiff had agreed to pay. Plaintiff declined to acquiesce in the attempted rescission of its contract with Jakimaki & Johnson, and, on learning that defendant had taken possession of a part of the lumber, brought this action to recover the same. The man Jakimaki of the firm of Maki & Jakimaki is the same Jakimaki who was associated with Johnson and joined in the sale to plaintiff.

The cause in this court is presented by new counsel in a light and, theory somewhat different from that followed on the trial below. Of course no change of front can be made in this court. 1 Dunnell, Minn. Dig. § 401. The question in fact litigated on the trial was whether the parties intended by the transaction that title and possession of the lumber should pass presently to plaintiff, and the question was quite clearly laid before the jury by the trial court. The jury was advised that if the passing of title was deferred by the understanding and intention of the parties until Jakimaki & Johnson had delivered the lumber to the railroad company for transportation to Superior, Wisconsin, where it was to be scaled and the balance of the purchase price paid, plaintiff could not recover, and if they so found a verdict should be returned for defendant. On the other hand, said the court, if the jury

found that the parties intended that title and possession should pass at the time of the transaction, the balance of the price being left to ascertainment by the scale to be had at Superior, plaintiff was the owner of the lumber and a verdict should be returned accordingly. No other question was brought to the attention of the court, and the jury by their verdict necessarily found a present passing of title to plaintiff. If the evidence sustains the verdict there is an end of the principal question presented on the appeal.

It is the contention of defendant that the evidence is practically conclusive that the parties did not intend the title should pass until the lumber had been delivered by Jakimaki & Johnson to the carrier and had been transported to and scaled at Superior. A careful examination of the record fails to support the contention. The question as we read the evidence taken as a whole was fairly an open one and properly submitted to the jury. An extended discussion thereof would serve no useful purpose. The evidence in support of the verdict is clear and specific. The lumber was piled where it was manufactured and was all that Jakimaki & Johnson owned at that place. It was not on land owned by them, or, so far as disclosed by the record, over which they had any control, either possessory or otherwise. It was set apart to plaintiff under the sale contract, and plaintiff immediately insured the same against loss by fire. Although it is true that the lumber was to be delivered to the carrier for transportation to Superior, Jakimaki & Johnson, under the evidence submitted by plaintiff, were under no binding obligation to so deliver it. The scaling at Superior was solely for the purpose of ascertaining the balance due on the purchase price of the lumber, and was not an act or element in the passing of title. Jakimaki & Johnson subsequently made no claim to the lumber, until there had been a material advance in the market value thereof, and then only after the futile attempt to rescind the contract with plaintiff. Clearly to our minds the verdict of the jury was right, and is amply supported by the evidence.

The contention now made for the first time, that the lumber after the sale to plaintiff was not in fact delivered to plaintiff, but remained in the possession or control of Jakimaki & Johnson, and that defendant is a purchaser in good faith and for value paid, therefore protected

by section 25 of the Uniform Sales Act, cannot, for reasons already stated, be considered. It was not made an issue on the trial, nor there urged upon the attention of the court, and what the evidence would have been had it been presented and tried out cannot of course be known.

· This covers the case and all that need be said in disposing of the points involved, except that in our view of the record taken as a whole defendant was in no way substantially prejudiced by certain portions of the charge to the jury, first objected to on the motion for a new trial. We may remark, however, that the instructions of the learned trial court would have been full and complete had the remarks now objected to been omitted.

We have considered all the other assignments of error and finding no reversible error in the record the order appealed from is in all things affirmed.

HALLAM, J. (concurring).

Referring to the sale to plaintiff, the court instructed the jury that "if it was not the intention of the parties at that time to deliver the lumber to the plaintiff company, then no recovery can be had by the plaintiff." When the jury found a verdict for plaintiff they necessarily found that the parties intended a delivery to plaintiff. If that finding is sustained by the evidence, it must set at rest the claim now made that the property remained in the possession of the vendor after the sale. I think this finding is sustained by the evidence. On that ground I vote to affirm.